UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KYLE LAMAR PASCHAL-BARROS,<br>*Plaintiff*, | : <br> : <br> : | |
| v. | : <br> : | No. 3:18-CV-1870 (VLB) |
| CAPTAIN THOMAS KENNY, et al.<br>*Defendants.* | : <br> : | June 28, 2019 |

**RULING ON AMENDED MOTION TO DISMISS (Dkt. No. 24)**

On November 15, 2018, the plaintiff, Kyle Lamar Paschal-Barros, an inmate currently confined at the Northern Correctional Institution ("NCI") in Somers, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983, against thirteen Department of Correction ("DOC") officials in their individual capacities for damages. Compl. (Dkt. No. 1). He claims that the defendants violated his Eighth Amendment protection against cruel and unusual punishment by subjecting him to excessive force, failing to intervene during the use of force, failing to treat his injuries, and/or failing to investigate or take remedial action on December 5, 2016. *Id.* at 8. On December 10, 2018, this Court permitted the plaintiff's Eighth Amendment claims to proceed against eight of the named defendants. Initial Review Order (Dkt. No. 7) at 8.

On March 7, 2019, the eight remaining defendants moved to dismiss the complaint on the ground that the plaintiff failed to exhaust his administrative remedies prior to commencing suit. Am. Mot. to Dismiss (Dkt. No. 24). The plaintiff filed two responses to the defendants' motion

(Dkt. Nos. 28, 41), contending that he properly exhausted his administrative remedies when he "discovered" that the force used against him on December 5, 2016 was "excessive." The defendants responded with a written reply (Dkt. No. 43), and the plaintiff countered with a third opposition (Dkt. No. 47). For the following reasons, the amended motion to dismiss is GRANTED.

I. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* This standard is not a probability requirement; the complaint must show, not merely allege, that the plaintiff is entitled to relief. *See id.*

"Although all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678); *see also Amaker v. New York State Dep't of Corr. Services* 435 F. App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir.

2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). This is true whether the plaintiff has counsel or appears *pro se*. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). However, "[w]here . . . the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

In deciding a motion to dismiss, the Court may consider "statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may also "take judicial notice of public records such as pleadings, orders, judgments, and other documents from prior litigation, including state court cases." *Lynn v. McCormick*, No. 17-CV-1183 (CS), 2017 WL 6507112, at *3 (S.D.N.Y. Dec. 18, 2017) (citing *Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, 349 n.6 (S.D.N.Y. 2012)); *see also Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

II. <u>Factual Allegations</u>

The Court relies on the same set of facts articulated in its Initial Review Order for purposes of this ruling:

On December 5, 2016, Captain Kenny and C/Os Swan, Kacprzyski, Reyes, Blekis, and Vitale responded to the plaintiff's cell because the plaintiff had covered his cell window for a second time. The plaintiff covered the window out of protest because he had been denied toilet paper in his cell. Kenny elected to place the plaintiff in in-cell restraints. The officers then removed the plaintiff from his cell and escorted him to a different cell for in-cell restraint placement.

During the escort, the plaintiff was verbally disrespectful to the defendants but was physically compliant. He taunted Kenny and, at one point, made a noise which Kenny interpreted to be an attempt to spit at the officers. Kenny, therefore, directed C/O Blekis to place a spit-prevention mask on the plaintiff.

After the mask was applied, the plaintiff continued to taunt Kenny. C/O Swan then slapped him, and Kenny deployed chemical agent, yelling at the plaintiff to stop spitting. C/Os Swan, Kacprcyski, Reyes, and Blekis then pushed the plaintiff onto a cell bunk and began punching and knee striking him, commanding him to "give up [his] hands." C/O Vitale also ran into the cell and assisted in the assault, striking the plaintiff's head and upper body. During the assault, C/O Galpin was operating a video camera. Both Galpin and C/O Byars were outside the cell during the assault but failed to intervene.

The plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD") as a result of numerous incidents of physical abuse. As a result, he was unable to recall the assault on December 5, 2016 until September of 2017. In September 2017, his former public defender showed him the video footage of the incident, and the plaintiff discovered that the defendants' use of force was excessive. The video shows Kenny and the officers beating the plaintiff after he was placed in handcuffs and the plaintiff bleeding from his injuries. After the assault, the video shows the plaintiff being placed in a new cell where he told Nurse Cheetham that he was bleeding from his mouth. However, Cheetham denied seeing any blood on the plaintiff and declined to provide any medical treatment.

Initial Review Order (citations omitted).

III. <u>Discussion</u>

In support of their motion to dismiss, the defendants contend that the plaintiff failed to exhaust his administrative remedies prior to commencing suit, in violation of 42 U.S.C. § 1997e. Mem. in Supp. of Am. Mot. to Dismiss (Dkt. No. 24-1). The plaintiff counters that he properly exhausted his remedies when he discovered the Eighth Amendment violation, and any delay in such discovery was caused by his mental illness. *See* Pl.'s Opp'n to Defs.' Am. Mot. to Dismiss ("Pl.'s Opp'n") (Dkt. No. 28); Pl.'s Proof of Exhaustion and Req. ("Pl.'s Second Opp'n") (Dkt. Nos. 41, 41-1); Pl.'s Opp'n to Defs.' Reply ("Pl.'s Third Opp'n") (Dkt. No. 47). The Court agrees that the pleadings and attached exhibits clearly show that the plaintiff failed to properly exhaust his administrative remedies, and therefore, the complaint is subject to dismissal.

A. <u>Rule of Exhaustion</u>

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides in relevant part that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." In enacting § 1997e, Congress sought to afford prison officials time and opportunity to address complaints internally and reduce the quantity, and improve the quality, of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Exhaustion of administrative remedies is mandatory for any prisoner challenging the

conditions of his confinement. *Id.* at 523; *Braham v. Perelmuter*, No. 3:15-CV-1094 (JCH), 2017 WL 3222532, at *8 (D. Conn. July 28, 2017).

In *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), the United States Supreme Court held that exhaustion under the PLRA requires "proper exhaustion," meaning full compliance with administrative procedures and deadlines. *See also Ruggiero v. County of Orange*, 467 F.3d 170, 176 (2d Cir. 2006). "An 'untimely or otherwise procedurally defective administrative grievance' . . . does not constitute proper exhaustion." *Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. 2011) (quoting *Woodford*, 548 U.S. at 83-84). To properly exhaust a claim, a prisoner must comply with the prison grievance procedures, including utilizing each step of the administrative appeal process. *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)); *Jones v. Johnson*, No. 3:15-CV-1135 (DJS), 2017 WL 1843692, at *4 (D. Conn. May 8, 2017).

"An inmate may be excused from the exhaustion requirement only if administrative remedies were not in fact available." *Shehan v. Erfe*, No. 3:15-CV-1315 (MPS), 2017 WL 53691, at *6 (D. Conn. Jan. 4, 2017) (citing *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1858 (2016)). The Supreme Court has identified three circumstances in which an administrative remedy cannot be used by an inmate to obtain relief: (1) "the administrative remedy may operate as a 'dead end,' such as where the office to which inmates are directed to submit all grievances disclaims the ability to consider them . . . [(2)] the procedures may be so confusing that no

6

ordinary prisoner could be expected to 'discern or navigate' the requirements . . . [a]nd [(3)] prison officials may 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859-60).

Generally, a motion for summary judgment is a more appropriate mechanism for resolving the issue of exhaustion in a § 1983 suit because failure to exhaust is an affirmative defense, and the defendants bear the burden of proving non-exhaustion. *See Nicholson v. Murphy*, No. 3:02-CV-1815 (MRK), 2003 WL 22909876, at *6 (D. Conn. Sept. 19, 2003) (citing *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999); *Reyes v. Punzal*, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002)). Indeed, courts in this Circuit have converted motions to dismiss grounded in the plaintiff's failure to exhaust to motions for summary judgment and ordered further briefing from the parties. *See Shaw v. City of New York*, No. 08-CV-3997 (SHS) (JCF), 2009 WL 1110789, at *4 (S.D.N.Y. Apr. 21, 2009); *Torrence v. Pesanti*, 239 F. Supp. 2d 230, 233-34 (D. Conn. 2003).

However, if it is apparent from the pleadings themselves, and the documents attached thereto or incorporated therein, that the plaintiff has failed to exhaust his administrative remedies, then the complaint may be dismissed pursuant to Rule 12(b)(6). *Nelson v. Deming*, 140 F. Supp. 3d 248, 264 (W.D.NY. 2015); *Turnage v. Dzurenda*, No. 3:13-CV-838 (VLB), 2015 WL 4978486, at *4 (D. Conn. Aug. 20, 2015); *Williams v. Dep't of Corr.*, No. 11-CV-1515 (SAS), 2011 WL 3962596, at *5 (S.D.N.Y. Sept. 7, 2011); *McCoy*

*v. Goord*, 255 F. Supp. 2d 233, 249-51 (S.D.N.Y. 2003). "[C]ourts routinely consider extrinsic material on a motion to dismiss for nonexhaustion," even without conversion pursuant to Rule 12(d). *McCoy*, 255 F. Supp. 2d at 250. Thus, if the plaintiff attaches, or incorporates by reference, copies of his administrative grievances and/or appeals to his complaint, and the Court need not consider any material outside of the pleadings, then the Court may consider the exhaustion issue in a motion to dismiss. *See Nicholson*, 2003 WL 22909876, at *6; *see also Johnson v. Rowley*, 569 F.3d 40, 44-45 (2d Cir. 2009) (affirming district court's dismissal of prisoner's First Amendment claim for failure to exhaust); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993) (court deciding 12(b)(6) motion may consider facts alleged in pleadings, documents attached as exhibits or incorporated by reference, and matters of which judicial notice may be taken). "Dismissal for failure to exhaust administrative remedies is appropriate where, on the face of the [c]omplaint, it is clear that [the] plaintiff did not exhaust such remedies." *Williams*, 2011 WL 3962596, at *5.

B. **The DOC's Exhaustion Procedure**

The administrative remedy process established by the DOC is set forth in DOC Administrative Directive 9.6.[1] *Shehan*, 2017 WL 53691, at *6. If the inmate cannot resolve the issue verbally with the prison official, he

---

[1] "The Court can take judicial notice of the State of Connecticut Administrative Directives that are found on the [DOC] website." *Barfield v. Milling*, No. 3:14-CV-914 (VAB), 2015 WL 1737671, at *3 n.1 (D. Conn. Apr. 16, 2015).

must first file an Inmate Request Form (Form No. CN 9601). *Id.*; *Jones*, 2017 WL 1843692, at *4. If the inmate is not satisfied with the official's response, or if the official fails to respond within fifteen business days, he must submit a Level-1 grievance (Form No. CN 9602) by depositing it in the Administrative Remedies box and attach to the grievance his Inmate Request Form showing that he had attempted to resolve the issue with the official informally. DOC Admin. Directive 9.6, *Shehan*, 2017 WL 53691, at *6; *Jones*, 2017 WL 1843692, at *4. The Level-1 grievance must be submitted within thirty calendar days "of the occurrence or discovery of the cause of the grievance." DOC Admin. Directive 9.6. If the inmate is not satisfied with the response to his Level-1 grievance, he may file a Level-2 appeal within five calendar days after receipt of the response. *Id.* Alternatively, if the Unit Administrator does not respond to the Level-1 grievance within thirty business days after receipt, the inmate may submit a Level-2 appeal within "65 days" from the filing date of his Level-1 grievance. *Id.*

The Level-2 appeal constitutes the final level of appeal for all inmate grievances except for those that (a) challenge department policy, (b) challenge the integrity of the grievance procedure, or (c) exceed the thirty-business-day limit for a Level-2 appeal response. DOC Admin. Directive 9.6; *Jones*, 2017 WL 1843692, at *4. If the inmate's claim satisfies one of these three criteria, he may file a Level-3 appeal within five calendar days of receipt of the Level-2 disposition or, if no Level-2 disposition was

received within thirty business days, within "35 days" of filing the Level-2 appeal. DOC Admin. Directive 9.6; *Jones*, 2017 WL 1843692, at *4.

### C. Facts Regarding Plaintiff's Attempt to Exhaust

In his complaint, the plaintiff acknowledged that he was "not able to properly exhaust available administrative remedies due to prison officials maliciously interfer[ing] with [his] access to administrative remedies. [He] did, however, make all attempts to try and solve the issues upon discovery of the unlawful conduct." Compl. at 12. The Court in its Initial Review Order reserved any decision on whether the complaint was subject to dismissal for failure to exhaust administrative remedies based on the plaintiff's allegations and because a copy of the Level-2 appeal the plaintiff attached to his complaint shows that an official checked a box indicating that he exhausted his remedies. *See* Initial Review Order at 7-8.

The Court now draws the following facts from the pleadings and the attached exhibits submitted by both parties:

Following the incident on December 5, 2016, the plaintiff received a disciplinary report ("DR") for assaulting a DOC official, which the plaintiff appealed. Pl.'s Second Opp'n (Dkt. No. 41-1) at 4-5. His appeal was dated December 16, 2016 and received by DOC officials on December 29, 2016. *Id.* at 4. District Administrator Murphy rejected the appeal, finding that the Disciplinary Hearing Officer's finding was reasonable based on the evidence presented. *Id.* at 3.

After appealing the DR, the plaintiff did not file a Level-1 grievance regarding the December 5, 2016 assault until March 10, 2017. Pl.'s Second Opp'n at 6-7. He claimed that the officers "used excessive physical force" and caused him injury. Id. at 7. DOC officials rejected the grievance because it was filed beyond the thirty-day limit set forth in Administrative Directive 9.6. Id.

The plaintiff filed a second Level-1 grievance on October 6, 2017. Pl.'s Second Opp'n at 8-9. This grievance was received by prison officials on December 5, 2017 and was rejected because it was "filed outside of the required time frame." Id. at 8.

On February 12, 2018, the plaintiff filed a Level-2 appeal of his October 6, 2017 Level-1 grievance. Pl.'s Second Opp'n at 10. The responding officials checked the box stating, "You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered." Id. In rejecting the appeal, however, the official again stated that his Level-1 grievance was filed beyond the thirty-day time limit under Administrative Directive 9.6 and that the Level-2 appeal is "not subject to appeal or exhaustion."[2] Id.

---

[2] The plaintiff also attached to his complaint what appears to be a Level-3 appeal dated January 6, 2018. Compl. at 20. It is not clear whether this Level-3 appeal is related to the December 5, 2016 assault.

D. <u>Analysis</u>

It is clear from the pleadings and the attached exhibits that the plaintiff did not grieve the December 5, 2016 incident within the required thirty-day time frame set forth in Administrative Directive 9.6, and his administrative remedies were rejected for that reason. Although the official who rejected his Level-2 appeal checked off a box indicating that he "exhausted the Department's Administrative Remedies," it is clear from the written decision in that document that the official's intent to was to inform the plaintiff that he could no longer seek administrative appeal, specifically a Level-3 review.

The plaintiff's December 16, 2016 appeal of the DR he received for assaulting a DOC official does not satisfy the exhaustion rule. An appeal of a disciplinary finding may, in certain circumstances, constitute an exception to the exhaustion rule. *See Ramirez v. Allen*, No. 3:17-CV-1335 (MPS), 2018 WL 5281738, at *7 (D. Conn. Oct. 24, 2018). However, in this case, the plaintiff is not challenging the disciplinary finding for assaulting a DOC official, which from the written appeal appears to be based on the plaintiff's act of spitting on one of the officials during the escort; Pl.'s Second Opp'n at 4; nor is the plaintiff challenging the process afforded to him during the disposition of the DR. His claims are limited to the degree of force used by the officers *after* the alleged spitting incident, including their use of chemical agent, the physical assault, and the failure of other officers to render him assistance. *See Ramirez*, 2018 WL 5281738, at *7

12

(appeal of disciplinary finding only satisfies exhaustion with respect to due process claim challenging DR and hearing but not conditions of confinement claim); *see also Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (prisoner was required to separately grieve Eighth Amendment conditions of confinement claim to satisfy exhaustion).

The Second Circuit has held that proper exhaustion under the PLRA is analyzed under the same principles of notice pleading, that is, the written complaint "must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quoting *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004)); *see also Boddie v. Bradley*, 129 F. App'x 658, 660-61 (2d Cir. 2005). In this case, the disciplinary appeal does not adequately notify the defendants of any challenge to their use of force. There is no mention in the appeal about their use of chemical agent, slapping, punching, or knee-striking the plaintiff, or any force that was applied after the plaintiff allegedly spit on one of the officers. Therefore, the plaintiff's December 2016 disciplinary appeal does not satisfy the exhaustion rule.

In his opposition to the motion to dismiss, the plaintiff argues that his mental illness, specifically his PTSD, "impaired his ability to know if the force utilized was excessive." Pl.'s Opp'n at 4; Pl.'s Third Opp'n at 1. He contends that he did not discover that the amount of force used was excessive until after he viewed a video of the incident in September 2017.

Pl.'s Opp'n at 4-5; Pl.'s Third Opp'n at 1. However, this contention is belied by the plaintiff's own assertions in his March 10, 2017 Level-1 Grievance, in which he clearly states that the defendants "used excessive physical force." Pl.'s Second Opp'n at 7. Moreover, Courts in this Circuit have rejected broad claims that a prisoner's mental illness could constitute a special circumstance justifying failure to exhaust. *See Galberth v. Washington*, No. 14-CIV-691 (KPF), 2017 WL 3278921, at *10 (S.D.N.Y. July 31, 2017); *Bennett v. James*, 737 F. Supp. 2d 219, 227 (S.D.N.Y. 2010). The plaintiff was clearly capable of challenging the disciplinary finding that resulted from his alleged assault on the defendants in December 2016 and challenging the defendants' conduct as "excessive physical force" three months later. There are no facts which would support the plaintiff's conclusion that his mental illness prevented him from timely exhausting his administrative remedies.

## ORDERS

(1) Based on the foregoing, the defendants' amended motion to dismiss the complaint for failure to exhaust administrative remedies (Dkt. No. 24) is GRANTED. The complaint is hereby DISMISSED.

(2) The plaintiff's motions to amend the complaint (Dkt. Nos. 9, 27) and "Request for Full Enforcement of Penalties" (Dkt. No. 44) are DENIED as moot. The clerk is directed to close this case.

**SO ORDERED this 28th day of June, 2019 at Hartford, Connecticut.**

                                                                                                             /s/
                                        **VANESSA L. BRYANT**
                                        **UNITED STATES DISTRICT JUDGE**